**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH R. BANISTER,<br><br>    Petitioner-Appellant,<br><br> v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>    Respondent-Appellee. | No. 15-71103<br><br>Tax Ct. No. 30500-12<br><br>MEMORANDUM* |

Appeal from a Decision of the
United States Tax Court

Submitted November 16, 2016**

Before: LEAVY, BERZON, and MURGUIA, Circuit Judges.

  Joseph R. Banister appeals pro se from the Tax Court's decision, following a bench trial, upholding the Commissioner's determination of deficiencies and additions for tax years 2003 through 2006, and imposing a penalty under 26 U.S.C. § 6673. We have jurisdiction under 26 U.S.C. § 7482(a). We review de novo the

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Tax Court's legal conclusions and for clear error its factual findings. *Johanson v. Comm'r*, 541 F.3d 973, 976 (9th Cir. 2008). We affirm.

The Tax Court properly upheld the Commissioner's determination of deficiencies, additions, and penalties for tax years 2003 through 2006. *See* 26 U.S.C. § 6201 (setting forth assessment authority of the Internal Revenue Service ("IRS")); *id.* at §§ 7601-7613 (providing the IRS with broad investigatory powers); *Grimes v. Comm'r*, 806 F.2d 1451, 1453 (9th Cir. 1986) (restating that tax on income is constitutional and defining taxable income); *Bradford v. Comm'r*, 796 F.2d 303, 307 (9th Cir. 1986) (affirming the Tax Court's finding that fraud had been established by clear and convincing evidence based on, *inter alia*, a failure to file tax returns for four consecutive years).

The Tax Court did not abuse its discretion by imposing a penalty against Banister for taking a frivolous position. *See* 26 U.S.C. § 6673; *Grimes*, 806 F.2d at 1454 (setting forth standard of review and finding no abuse of discretion in imposition of penalty for frivolous petition); *see also Larsen v. Comm'r*, 765 F.2d 939, 941 (9th Cir. 1985) ("The right to petition . . . does not include the right to maintain groundless proceedings.").

We reject as without merit Banister's contentions that the Tax Court did not sufficiently consider his motion for offer of proof and motion to dismiss for lack of jurisdiction.

3

Respondent's motion for sanctions in the amount of $8,000, filed on August 31, 2015, is granted. *See* Fed. R. App. P. 38; *Grimes*, 806 F.2d at 1454 ("Sanctions are appropriate when the result of an appeal is obvious and the arguments of error are wholly without merit.").

**AFFIRMED.**